IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**CHENG YAO ZHU**                                                                          **PLAINTIFF**

v.                                          No. 4:12-cv-618-DPM

**UNITED STATES CITIZENSHIP
AND IMMIGRATIONS SERVICES** *et al.*                                 **DEFENDANTS**

ORDER

1.   Zhu is trying to become a U.S. citizen but his naturalization application is in limbo.  Before U.S. Citizenship and Immigration Services decided Zhu's application, Immigration and Customs Enforcement started removal proceedings against him, saying he lied about his reasons for moving to the United States. № 8-1.  The removal proceedings divested USCIS of jurisdiction over Zhu's naturalization application. 8 U.S.C. § 1429.  In what all the parties agree was a misstep, USCIS, despite having no authority, denied Zhu's naturalization application on the merits in December 2010. № 9-1.  Zhu appealed the denial, which USCIS affirmed in June 2012. № 9-2. Zhu petitions this Court for review. The basis of USCIS's decision haunts the case. Did the agency conclude that it had no jurisdiction on the naturalization issue until removal was resolved or that Zhu's effort to become a citizen failed on the merits?  USCIS moves to dismiss for various reasons, № 7, mostly

because it says this Court lacks jurisdiction to review Zhu's application. Alternatively, USCIS says that this Court can provide Zhu no relief in light of the pending removal proceedings. *Ibid.*

**2.** USCIS's June 2012 appeal decision is a perplexing read. № 9-2. It began by thanking Zhu for requesting a hearing. Then it provided a summary conclusion: "After a thorough review of the record, USCIS reaffirms the decision to deny your Form N-400 for the following reason(s)." № 9-2 *at 1*. Next, there was a bold heading "Statement of Facts and Analysis Including Ground(s) for Reaffirming Denial." *Ibid.* Then USCIS gave two detailed paragraphs about the evidence and the merits — everything about Zhu's allegedly fraudulent paperwork, the facts about his work and residence, and the testimony and proof at the appeal hearing.

In the next paragraph, USCIS announced its decision.

> After a complete review of the information provided on your Form N-400, Application for Naturalization, the documents submitted in support of your application and request for hearing, and the testimony you provided during your naturalization interview and your N-336 review hearing, USCIS reaffirms the decision to deny your Form N-400.

*Ibid.*

But USCIS then acknowledged, in the very next sentence, its lack of jurisdiction over the merits of Zhu's application because of the pending removal proceedings.

> USCIS has determined that you were placed in removal proceedings before an Immigration Judge of the Executive Office for Immigration Review and have a court date set for October 17, 2012 in Memphis, Tennessee. Under INA 318, no person may be naturalized if there is a removal order* currently pending.

*Ibid.*

The penultimate paragraph directs Zhu to this Court for further review.

> This decision constitutes a final administrative denial of your naturalization application. You may request judicial review of this final determination by filing a petition for review in the United States District Court having jurisdiction over your place of residence. You must file a petition within 120 days of the date of this notice.

*Ibid.*

3. Everyone agrees that once removal proceedings began, USCIS had no jurisdiction over the merits of Zhu's application. 8 U.S.C. § 1429. USCIS says that its denial on appeal didn't address the merits, but properly dismissed the claim for lack of jurisdiction under § 1429. But the USCIS

---

*This is an error; there was no removal order — only removal proceedings — against Zhu.

-3-

decision is ambiguous at best. It twice denoted the decision as final, made after a review of all the available evidence. It directed Zhu to come to this Court for further relief. Nothing suggested that USCIS intended to revisit Zhu's application after removal proceedings ended. At the same time, USCIS invoked the pending removal proceedings, which had created the bar against a final naturalization decision.

**4.** This Court has jurisdiction over Zhu's petition for review. 8 U.S.C. § 1421(c). Whether this jurisdiction ends at considering if § 1429 was properly applied or extends to the merits of Zhu's application is just too murky. This Court cannot meaningfully exercise judicial review in the circumstances. Given the uncertainty surrounding the USCIS decision, the common sense solution is to send the matter back to USCIS. The agency needs to clarify its position on Zhu's application. A remand for clarification is within this Court's power on *de novo* review under § 1421(c). The Court acknowledges that USCIS can't take any action until Zhu's removal proceedings are resolved. Okay. The same situation would exist if USCIS had denied Zhu's appeal only for lack of jurisdiction under § 1429. The Court therefore vacates USCIS's 4 June 2012 decision and remands Zhu's

naturalization application to USCIS for further proceedings once Zhu's removal proceedings have concluded. USCIS's motion is denied on the merits to the extent it challenges this Court's jurisdiction to take any action in the circumstances and is otherwise denied without prejudice.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

23 July 2013